George E. Mead, III Esq. Assistant Corporation Counsel, Rome
You have asked (1) whether the board of managers of a municipally-owned public hospital may engage the services of outside counsel to collect past-due accounts instead of utilizing the municipality's corporation counsel and (2) whether such board may enter into an agreement with a collection agency by which the agency can engage an attorney to sue and collect upon past-due bills owed to the hospital. While the office of corporation counsel has no objection to the exercise of these powers by the board of managers, you are concerned that provisions of your city's charter prohibit the exercise of this authority.
Section 128(5) of the General Municipal Law provides that:
 "the board of managers [of a public general hospital] shall have the general superintendence, management and control of the hospital * * * and of all matters relating to the * * * fiscal concerns thereof * * *."
Subdivision 5-a, which was added to section 128 by chapter 560 of the Laws of 1956, further provides that the board of managers shall:
 "institute actions at law and in equity for the collection of claims and obligations due to the hospital from any and all causes, and to prosecute, compromise or settle such claims and obligations, and to retain counsel to conduct such litigation * * *."
This portion of subdivision 5-a was added after dissatisfaction was expressed with the necessity for joint public general hospitals to designate one municipality as being in charge of all accounts and their collection (Memorandum in Support of S. 2584 from Corporation Counsel, City of Salamanca, to Counsel to the Governor, March 10, 1956). That arrangement was found to be unsatisfactory because one municipality had to render extra service and because and because "settlement of lawsuits and executions of discontinuance and releases generally involve concurring action by the legislative body and the chief executive of the municipality" — an arrangement that was inefficient and "wastes time and money". (Memorandum in Support of S. 2584 from the Counsel to the State Comptroller to the Counsel to the Governor, April 4, 1956.)
Section 128(5-a) further provides:
 "* * * a board of managers may contract with a collection agency for the collection of overdue claims and obligations."
This provision was added as chapter 252 of the Laws of 1976 after our opinion observed that there was no authority for the Nassau County Medical Center to contract with a collection agency for the purpose of collecting delinquent accounts, but that the Board of Managers could retain counsel for the purpose of collecting such accounts (1974 Op Atty Gen [Inf] 182). The bill jacket indicates that the State Comptroller had consistently disapproved of the use of private collection agencies by municipal hospitals prior to the enactment of chapter 252, in the belief that the Board of Managers only had statutory authority to retain counsel or to rely upon the municipality's legal staff to collect unpaid accounts (Memorandum from the Counsel to the State Comptroller to Counsel to the Governor, May 28, 1976). Another concern expressed was that the agency's fee could be deducted from the amount collected, thus depriving the entity of the total amount owed to it (ibid.). Nevertheless, the State Comptroller did not object to the inclusion of the collection agency provision:
 "in the belief that effective administration of hospital affairs might be furthered by allowing such contracts * * *. Also, there is a pronounced inclination on the part of municipalities toward the utilization of collection agents, and there appears to be a growing need for their services." (Ibid.)
Legislative memoranda in support of the addition of the power to contract with collection agencies noted that the Nassau hospital, with its Superintendent and small staff, was "not equipped to handle collections of this magnitude" and that "by permitting collections through private collection agencies, municipal hospitals may save administrative time and benefit from the expertise of such enterprises." (Senate and Assembly Memoranda in Support of S. 5197.)
We believe that the Rome Hospital Board of Managers clearly may enter into an agreement with a collection agency for collection of past-due accounts. Nevertheless, the law is silent regarding the provisions of such an agreement. We do not believe that the Board may include in such an agreement, provisions enabling the collection agency to retain counsel to pursue past-due accounts. It is the board of managers that has been authorized by law to retain counsel (§ 128[5-a]). The power to retain attorneys necessarily implies the power to supervise their activities. In granting to a collection agency the authority to make this selection, the board, in our opinion, would be unlawfully delegating these responsibilities.
Although section 170 of the Rome City Charter enumerates the Corporation Counsel's duties as legal advisor for the common council and the city's officers, boards and departments, we believe that this general provision is limited by the statutory provisions governing collections by municipal hospitals. In our opinion, the intent of subdivision 5-a — the promotion of efficiency and economy for public hospitals through the authorization of such options as retaining counsel and contracting with a collection agency to facilitate the collection of overdue accounts — would be negated if a hospital's board of managers were restricted by the charter provisions to use of the office of the Corporation Counsel in all instances of bill collection.
We conclude that the Board of Managers of a municipally-owned public hospital may (1) engage the services of outside counsel to collect past-due accounts and (2) enter into an agreement with a collection agency which provides for the collection of past-due accounts but may not include in such an agreement a provision granting to the collection agency the authority to retain an attorney to litigate on the board's behalf.